**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO.: 6:26-CR-179-AGM-CAB**

**DAQUAN LAMONT SMITH**

**DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE**

The Defendant, DAQUAN LAMONT SMITH, by and through his undersigned attorney, moves this Honorable Court, pursuant to Rule 12 of the Fed. R. Crim. P. to dismiss the indictment in this case and, as grounds therefor, states:

1. Daquan Smith was Indicted on July 15, 2026 with one Count of Interstate Transmission of Threat in violation of 18 U.S.C. § 875(c).[1] The indictment alleges that on or about December 6, 2025, in the Middle District of Florida, and elsewhere, the defendant, Daquan Lamont Smith, did knowingly transmit in interstate commerce a communication containing a true threat to injure the person of another, that is, unknown victims of a cruise ship, including a recorded call to the cruise line stating: "I'm coming from, I'm coming I'm on the cruise boat coming from Bahamas that left two days ago, and I'm letting you guys know now I have a bomb on the boat and I want to blow it up," with intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence.

[1] Doc. 1.

2. Mr. Smith was arrested on July 22, 2026 in Chicago, Illinois, where he currently resides and was residing during all the events relevant to the Indictment.[2] The initial appearance in this case was held in the Northern District of Illinois on July 22, 2026 pursuant to Fed. R. Crim. P. 5(c)(3).[3] Mr. Smith was released on conditions including that he appear in the District Court for the Middle District of Florida on August 7, 2026 at 10:00a.m. for arraignment.[4] Mr. Smith was determined to be indigent and the Office of the Federal Public Defender was appointed to represent him.[5]

3. Pursuant to this Court's Scheduling Order (II)(B), Filing Deadline for Motions and Notices – Within twenty-one (21) days from the date of this Order, the parties shall file and serve all motions (with memoranda and certificate) and all notices. See Fed. R. Crim. P. 12(c); Local Rule 3.01(a).[6] The Criminal Scheduling Order was filed on August 7, 2026 and, as such, this motion to dismiss is timely filed.[7]

4. Currently, this case is scheduled for Status Conference on September 8, 2026 at 11:30a.m. before the Honorable Daniel C. Irick, Magistrate Judge.[8] Trial is

---

[2] Doc. 7.
[3] Docs. 8 and 9.
[4] Doc. 11.
[5] Doc. 14.
[6] Doc. 15.
[7] *Id.*
[8] See Criminal Scheduling Order (III) (A) at Doc. 15.

scheduled for October 5, 2026 at 9:00a.m. before the Honorable Anne-Leigh Gaylor Moe, District Judge.[9]

5. Venue is an essential element of the government's proof at trial.[10] The Constitution, the Sixth Amendment, and Fed. R. Crim. P. 18 guarantee defendants the right to be tried in the district in which the crime was committed.[11] The Court should dismiss the indictment in the instant case as the essential conduct element of 18 U.S.C. § 875(c) did not occur in the Middle District of Florida therefore, it is unconstitutional and unlawful to try the case here. The following memorandum of law supports dismissal of the indictment in the above-captioned prosecution, with prejudice.

MEMORANDUM OF LAW

"The U.S. Constitution not once but twice safeguards the defendant's venue right. Article III instructs that Trial of all Crimes shall be held in the State where the said Crimes shall have been committed."[12] "And the Sixth Amendment reinforces that command, entitling criminal defendant to a jury of the State and district wherein the crime shall have been committed."[13] In determining where the crime was committed, courts must determine where the essential elements of the charged offense, occurred.[14]

---

[9] *Id.*
[10] *United States v. Snipes*, 611 F. 3d 855, HN 15 (11th Cir. 2010).
[11] *Id.*
[12] *Abouammo v. United States*, 146 S. Ct. 1571, HN4 (2026); U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; see also Fed. R. Crim. P. 18 (same).
[13] *Abouammo v. United States*, 146 S. Ct. 1571, HN4 (2026).
[14] *Id.*

Whether the crime involves a single district or more than one, venue is based on where the defendant took the actions the prosecution needs to prove to secure a conviction.[15]

In *Abouammo*, the Court determined venue for allegations surrounding falsification of documents must be in the locale where the documents were falsified, not where the Federal Bureau of Investigations was conducting their operation. Two San Francisco-based FBI agents, who were investigating unauthorized disclosures of Twitter account information, flew to Seattle to interview Abouammo at his home.[16] Abouammo denied disclosing confidential communication and justified the payments he received with a falsified invoice for consulting work performed.[17] Mr. Abouammo emailed the falsified invoice to one of the agents who discovered its illegitimacy through metadata.[18] Mr. Abouammo was indicted in the Northern District of California, which includes San Francisco, where the investigation was centered.[19] The trial court denied Mr. Abouammo's motion to dismiss based on venue and a jury convicted him.[20]

The Ninth Circuit Court of Appeals affirmed, explaining, "venue is determined by identifying the "conduct constituting the offense: A trial can be held wherever that

[15] *Id.*
[16] *Id.* at 1575.
[17] *Id.*
[18] *Id.*
[19] *Id.* at 1575.
[20] *Id.*

proscribed conduct, in whole or in part, took place."[21] The Ninth Circuit maintained that "§1519's intent requirement - i.e. 'with the intent' to 'obstruct' an investigation - makes the 'contemplated effects' of the falsification another 'part of the essential conduct of [a §1519] offense.'"[22] "And that aspect of the offense, the court reasoned, permits trial as well 'where the investigation' the defendant 'intended to stymie is ongoing or contemplated.'"[23] In Abouammo's case, that place was San Francisco where the agents investigating Abouammo worked.[24] The Supreme Court granted certiorari and reversed finding, "[t]he venue for trying a §1519 offense is, and is only, where the defendant falsified a document, because that is the only conduct proscribed by statute."[25] The Supreme Court articulated a brief history underlying our Founding Father's "strong feelings about 'the unfairness and hardship involved when an accused is prosecuted in a remote place."[26] In the instant case, the crime was complete and venue established, where Daquan Lamont Smith is alleged to "knowingly transmit in interstate commerce a communication containing a true threat to injure the person of another."[27] Venue in the instant case is lawful in Chicago, Illinois, and only in, Chicago, Illinois.

---

[21] *United States v. Abouammo*, 146 S. Ct. 1571 (2026) (citing to *United States v. Abouammo*, 122 F. 4th 1072, 1090 (9th Cir. 2024) (quoting *United States. V. Rodriguez-Moreno,* 526 U.S. 275, 279 (1999)).
[22] Id. at 1576 (citing to *United States v. Abouammo*, 122 F. 4th 1072, 1092 (9th Cir. 2024).
[23] Id. at 1576 (citing to *United States v. Abouammo*, 122 F. 4th 1072, 1090, 1092-1093 (9th Cir. 2024).
[24] *Id.*
[25] *Id.* at 1576.
[26] *Abouammo v. United States*, (citing United States v. Cores, 356 U.S. 405, 407 (1958).
[27] Doc. 1.

Unless the statute contains a venue provision, the Court performs a two-step inquiry to determine venue.[28] First, the Court identifies the essential conduct elements of the Interstate Transmission of Threat to Kidnap or Injury Count.[29] Then, the Court discerns the location of the commission of the essential conduct elements which are the only relevant elements for venue, and determine whether the location of their commission is the same as the location of the trial."[30]

The Modern Federal Jury Instructions Criminal P 31.02 provide Instruction 31-7 which states "in order to prove the defendant guilty of violating section 875(c), the government must establish the following three elements beyond a reasonable doubt: First, that the defendant threatened to kidnap or to injure [name of victim], as charged in the Indictment; Second, that the threat was transmitted in interstate (or foreign) commerce; and Third, that the defendant transmitted the threat knowingly and intentionally."[31]

The Eleventh Circuit's Pattern Jury Instruction O30.3 Interstate Transmission of Threat to Kidnap or Injure 18 U.S.C. § 875(c) states: "[t]he Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt: (1) the Defendant knowingly sent a message in [interstate] [foreign] commerce

---

[28] *United States v. Smith*, 22 F. 4th 1236 (11th Cir. 2022)(citing *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999)).
[29] *Id.*
[30] *Id.*
[31] See 2 Modern Federal Jury Instructions – Criminal P 31.02; *United States v. Martinez*, 736 F. 3d 981 (11th Cir. 2013) at Exhibit A.

containing a true threat to [kidnap any person] [injure the person of another]; and (2) the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat."[32] Where the Eleventh Circuit's Pattern Instruction include the jurisdictional hook of transmission in interstate commerce in element one, the Modern Federal Jury Instruction does not. The Modern Federal Jury Instruction makes it clear that the conduct element does not include interstate commerce since the threat is the conduct and use of interstate commerce is the means of the conduct. The Eleventh Circuit has recommended the Modern Jury instruction in practice.[33] In applying the venue inquiry, the Court should look to the Modern Jury Instruction as the Eleventh Circuit Pattern Instructions are not binding.[34]

It is also important to note that Courts have found that the only element of scienter that must be proven lies in the defendant and that the victim feeling threatened is not a necessary element.[35] In fact, if an indictment were to only allege "that a reasonable person would regard [a defendant's] communication as a threat," without pleading the defendant's subjective intent to threaten, the indictment must be

---

[32] Eleventh Circuit Pattern Jury Instruction O30.3 Interstate Transmission of Threat to Kidnap or Injure, 18 U.S.C. § 375(c).

[33] *United States v. Martinez*, 736 F.3d 981, 988 (11th Cir. 2013)("the actus reus of the statute is transmitting a threat – that is, a true threat.")

[34] *United States v. Dohan*, 508 F.3d 989, 994 (11th Cir. 2007)("The pattern jury instructions are drafted by a committee of district judges appointed by the Chief Judge of the Circuit and adopted by resolution of the Judicial Council of the Eleventh Circuit. Although generally considered 'a valuable resource, reflecting the collective research of a panel of distinguished judges,' they are not binding; Eleventh Circuit case law takes precedence.").

[35] *Elonis v. United States*, 575 U.S. 723 (2015).

dismissed.[36] Finally, the Supreme Court has never used a statute's *mens rea* element to establish venue therefore, even if the recipient of the threat's mental state were an element, it would not be a factor used to determine venue.[37]

The Court performed this analysis in *Smith*, an Eleventh Circuit case from the Middle District of Florida regarding theft of trade secrets.[38] In its analysis, the Court stated:

> Theft of trade secrets consists of five elements: first, the defendant must intend to convert proprietary information to the economic benefit of anyone other than the owner; second, the proprietary information must be a trade secret; third, the defendant must knowingly steal, take without authorization, or obtain by fraud or deception trade secret information; fourth, the defendant must intend or know that the offense would injury the owner of the trade secret; and finally the trade secret must be related to a product that is in the interstate or foreign commerce. See 18 U.S.C. § 1832(a). The first and fourth elements are mens rea elements irrelevant to venue. See *Rodriguez-Moreno*, 526 U.S. at 279. The second and final elements are not elements of the defendant's conduct. See id at 280 n.4. The essential conduct element of the crime is that the defendant must steal, take without authorization, or obtain by fraud or deception trade-secret information, see 18 U.S.C. § 1832(a), so that conduct must have taken place in the same location as the trial. See *Rodriguez-Moreno*, 526 U.S. at 279; *Cabrales*, 524 U.S. at 6-7; *Bowens*, 224 F.3d at 311-12.[39]

---

[36] *United States v. Martinez*, 736 F. 3d 981 (11th Cir. 2013).
[37] *Abouammo v. United States*, 146 S. Ct. 1571, 1573-1574 (2026).
[38] *United States v. Smith*, 22 F. 4th 1236 (11th Cir. 2022).
[39] *b*, 22 F. 4th 1236 (11th Cir. 2022)(citing to *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999); *United States v. Cabrales*, 524 U.S. 1 (1998); and *United States v. Bowens*, 224 F. 3d 302 (4th Cir. 2000).

*Smith* identifies that the theft-of-trade secrets statute does not define any essential conduct element of the offense in terms of its effects on the owner of the trade secret.[40] The Court found that the "mere presence of an implied victim of a theft does not create an inference that Congress 'define[d] the essential conduct element[]…in terms of [its] effects."[41] The government argues in *Smith* that it is permitted to prosecute an offense "involving…transportation in interstate or foreign commerce…in any district from, through, or into which such commerce…moves."[42] In Smith's case the government did not dispute that when Mr. Smith took the coordinates from the servers in Orlando he received possession of them in Mobile.[43] The government did not produce evidence that the trade secrets were taken from or transported through the Northern District of Florida and the government did not offer authority for the idea that the location where the trade secrets were created was relevant to venue under section 3237(a).[44] Ultimately, the Eleventh Circuit found venue improper in the Northern District of Florida and vacated the conviction for theft-of-trade-secrets.[45]

The Court in *Abouammo* seemingly addressed 18 U.S.C. 3237 in its analysis by finding that the only prohibited act in the statute Mr. Abouammo was charged with

---

[40] *United States v. Smith*, 22F. 4th 1236 (11th Cir. 2022).
[41] *United States v. Smith*, 22 F. 4th 1236, HN5 (11th Cir. 2022)(citing Bowens, 224 F. 3d at 311 n.4, 313).
[42] *United States v. Smith*, 22 F. 4th 1236 (11th Cir. 2022)(citing 18 U.S.C. § 3237).
[43] *Id.* at HN5.
[44] *Id.*
[45] *Id.*

was the falsification of a document.[46] The Court went on to say that Abouammo need not do anything more other than falsifying the document to violate the law, for example, transmit the document to anyone else or use it in a particular way.[47] However, the Court also noted, "[o]f course, the venue rule is constitutional, and Congress lacks the power to finally decide what it means or when it is violated. But we have sometimes suggested that Congress's view of appropriate venue, even if not coincident with our "conduct elements" test, may make a difference to the analysis."[48]

The indictment in this case alleges that Mr. Smith, in the Middle District of Florida, knowingly transmitted in interstate commerce a communication containing a true threat to injury the person of another, that is, unknown victims of a cruise ship including a recorded call to the cruise line.[49] According to the case law and analysis above, the crime in the instant indictment was complete when the first prong of the Modern Jury Instruction was met, "the defendant threatened to kidnap or injure [name of victim], as charged in the Indictment.""[50] The second element is the jurisdictional hook for federal Court and not relevant to a constitutional analysis of venue. The third element of the jury instruction is a mens rea element that is irrelevant for purposes of establishing venue.[51] The government fails to allege facts that, if proven at trial, would

---

[46] *Abouammo v. United States*, 146 S. Ct. 1571, HN6 (2026).
[47] *Id.*
[48] *Abouammo v. United States*, 146 S. Ct. 1571, 1577 n.3 (2026).
[49] Doc. 1.
[50] See 2 Modern Federal Jury Instructions – Criminal P 31.02; *United States v. Martinez*, 736 F. 3d 981 (11th Cir. 2013).
[51] *Id.*; see also, *Abouammo v. United States*, 146 S. Ct. 1571, 1573-1574 (2026).

establish venue in this district.[52] In fact, discovery produced by the government on August 20, 2026 includes a report by the Federal Bureau of Investigation (hereinafter "FBI") who conducted an investigation that revealed suspect, Daquan Smith, placed the call from Chicago, Illinois. Discovery also contains a document that Osceola County Sheriff's Office advised the FBI they could not prosecute as they did not have jurisdiction.[53] Further, this case is a perfect example of why our forefathers Constitutionally ensured we would not face trial in remote places. Mr. Smith, an indigent 20-year-old (18 at the time of the offense) who resides with his mother and siblings, cannot afford travel to the Middle District of Florida. The purchase of his plane fare set he and his mother back, financially, to the degree that they face an eviction notice and their phone service has been turned off. Were Mr. Smith tried in the jurisdiction wherein he resides and where the actus reus of the crime he is charged with took place, he could meet with his attorney at their office or, his attorney could travel to his residence. The government's decision to try Mr. Smith in the Middle District of Florida hinders communication with his attorney in violation of the Sixth Amendment to the U.S. Constitution.[54] Further, it complicates all investigation into Mr. Smith's history and characteristics that will necessarily take place in Chicago, Illinois where he was born and raised. Since the Indictment does not allege facts in

---

[52] *Id.*
[53] See FBI BD-1057 dated February 10, 2026 at bate stamp 00104 at Exhibit B.
[54] U.S. Const. amend. VI

support of the government's assertion that the charged offense occurred within the Middle District of Florida that, if proven at trial, would establish venue in this district, the Court should dismiss the Indictment for improper venue.

Pursuant to Local Rule 3.01(g)(2), undersigned counsel conferred with Assistant United States Attorney Kaley Austin-Aronson and the government opposes this motion.

WHEREFORE, Daquan Smith prays this Court dismiss the Indictment in the instant case, with prejudice.

Charles L. Pritchard, Jr.
Federal Public Defender, MDFL

*/s/ Erin Hyde*
Erin Hyde
Assistant Federal Defender
Florida Bar No. 0026248
201 S. Orange Avenue, Suite 300
Orlando, Florida 32801
Tel: 407-648-6338
Fax: 407-648-6095
E-Mail: erin_hyde@fd.org

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Motion to Dismiss Indictment with Prejudice* was submitted to the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to Kaley Austin-Aronson, Assistant United States Attorney, this 28th day of August 2026.

*/s/ Erin Hyde*
Assistant Federal Defender