# EXHIBIT A

# *2 Modern Federal Jury Instructions-Criminal P 31.02*

***Modern Federal Jury Instructions-Criminal > II SUBSTANTIVE INSTRUCTIONS > CHAPTER 31 Threatening Communications***

## ¶ 31.02 Threats Transmitted by Interstate Communication (18 U.S.C. § 875(c))

**Instruction 31-6 The Indictment and the Statute**

**The Indictment charges the defendant with transmitting a threat by interstate communication. The Indictment reads as follows:**

**[Read Indictment]**

**The defendant is charged with violating *section 875(c) of Title 18 of the United States Code*, which provides in pertinent part: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be [guilty of a crime]."**

**Comment**

[1] *18 U.S.C. § 875(a)*; *see* Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 30.1 (adopting intent to extort standard based on *Heller*). Note that there is disagreement in the courts as to the proper scienter standard in subsection (a) cases. *Compare* ***United States v. Lin, 139 F.3d 1303, 1306–07 (9th Cir. 1998)*** (intent to demand ransom), *with United States v. Heller, 579 F.2d 990, 993–1000 (6th Cir. 1978)* (intent to extort).

[2] *18 U.S.C. § 875(b)*; *see United States v. Cohen, 738 F.2d 287, 289 (8th Cir. 1984)* (adopting Hobbs Act definition of extortion in case under section 876(b)); *see also* Fifth Circuit Pattern Criminal Jury Instruction 2.40; Tenth Circuit Criminal Pattern Jury Instruction 2.37; Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 30.2.

[3] *18 U.S.C. § 875(d)*; *see United States v. Petrovic, 701 F.3d 849, 857–58 (8th Cir. 2012)* (sexual relationship is a thing of value); *United States v. Coss, 677 F.3d 278, 284–87 (6th Cir. 2012)* (threat to reputation is sufficient only if it was wrongful); *United States v. Jackson, 180 F.3d 55, 65–66 (2d Cir.), conviction reinstated, 196 F.3d 383 (2d Cir. 1999)* (threat to reputation is sufficient only if the defendant had no plausible claim to the money sought); United States v. Von der *Linden, 561 F.2d 1340, 1341 (9th Cir. 1977)* (truth of damaging statements underlying threat to injure reputation is not a defense).

Section 875 contains separate offenses for making demands for ransom,[1] for threatening to kidnap or injure with the intent to extort,[2] and for threatening to injure the property or reputation of the victim with the intent to extort.[3]

[4] *United States v. Kammersell, 196 F.3d 1137, 1140 (10th Cir. 1999)*.

[5] *United States v. Sutcliffe, 505 F.3d 944, 953–54 (9th Cir. 2007)*.

The constitutionality of section 875 has been upheld on the basis that it contains a specific jurisdictional element requiring a connection to interstate commerce.[4] In addition, a vagueness challenge was rejected, the court holding that the term "threat" is sufficiently clear.[5]

**Instruction 31-7 Elements of the Offense**

**In order to prove the defendant guilty of violating section 875(c), the government must establish the following three elements beyond a reasonable doubt:**

**First, that the defendant threatened to kidnap or to injure [name of victim], as charged in the Indictment;**

**Second, that the threat was transmitted in interstate (or foreign) commerce; and**

**Third, that the defendant transmitted the threat knowingly and intentionally.**

**Authority**

**Second Circuit:** *United States v. Francis, 164 F.3d 120 (2d Cir. 1999)*.

**Eighth Circuit:** *United States v. Nicklas, 713 F.3d 435 (8th Cir. 2013)*.

**Tenth Circuit:** *United States v. Stevens, 881 F.3d 1249 (10th Cir. 2018)*.

**Eleventh Circuit:** *United States v. Martinez, 736 F.3d 981 (11th Cir. 2013)*.

**Comment**

[1] *United States v. Jeffries, 692 F.3d 473, 478 (6th Cir. 2012), cert. denied, **571 U.S. 817, 134 S. Ct. 59, 187 L. Ed. 2d 25 (2013)***.

[2] *United States v. Landham, 251 F.3d 1072, 1080 (6th Cir. 2001)*; *United States v. DeAndino, 958 F.2d 146, 148 (6th Cir. 1992)*. *United States v. Landham, 251 F.3d 1072, 1080 (6th Cir. 2001)*; *United States v. DeAndino, 958 F.2d 146, 148 (6th Cir. 1992)*; *see also* *United States v. Doggert, 906 F.3d 506, 510 (6th Cir. 2018)* ("the government must prove that: (1) the defendant sent a message in interstate commerce; (2) a reasonable observer would view the message as a threat; and (3) the defendant intended the message as a threat"); *United States v. Howard, 947 F.3d 936, 946 (6th Cir. 2020)* (As a result of the Supreme Court's holding in *Elonis v. United States* regarding the *mens rea* element of section 875(c), the elements should be "(1) the defendant sent a message in interstate commerce; (2) the defendant *intended* the message as a threat; and (3) *a reasonable observer* would view the message as a threat." Emphasis in original.).

The Sixth Circuit has approved a formulation joining the first and third recommended elements to require a knowing communication in interstate commerce.[1] The same court has also approved a different formulation, requiring that the government prove, first, that the defendant made a threat, second, that the threat was knowingly transmitted in interstate commerce, and third, that the threat was to injure.[2] As there is no reason to separate the terms of the threat from the fact that the threat was made, this formulation is not recommended.

[3] *See* *United States v. Martinez, 736 F.3d 981, 988 (11th Cir. 2013)*.

Although the Eleventh Circuit approved the recommended formulation in practice,[3] and the Eleventh Circuit pattern instruction now requires:

(6) the Defendant knowingly sent a message in [interstate] [foreign] commerce containing a true threat to [kidnap any person] [injure the person of another]; and

[4] Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 30.3.

(7) the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.[4]

[5] *United States v. Stevens, 881 F.3d 1249, 1253 (10th Cir. 2018)* (citing *Elonis v. United States, 575 U.S. 723, 135 S. Ct. 2001, 192 L.Ed.2d 1 (2015))*.

The Tenth Circuit has set forth the last element as: “the defendant transmitted the communication for the purpose of issuing a threat or with knowledge the communication would be viewed as a threat.”[5]

**Instruction 31-8 First Element—Threat**

**The first element the government must establish beyond a reasonable doubt is that the words communicated by the defendant were in fact a threat, as I will define that term for you.**

**A threat is a serious statement expressing an intention to inflict bodily injury (*or* kill *or* kidnap) at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to inflict bodily injury (or murder or kidnap). In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat (or consciously disregarded a substantial risk that the statement would be viewed as a threat).**

**To determine whether or not the defendant made a threat, you should consider the circumstances under which the statement was made, including its context with respect to surrounding conversation, the language the defendant used, and the reaction of those who heard or read the statement.**

**It is not necessary that the government prove that the defendant intended to carry out the threat or that he had the present ability to carry out the threat. A threat may be conditional upon the defendant’s ability to carry it out in the future. The defendant’s statement may be a threat even if it was never communicated, nor intended to be communicated, to the target of the threat.**

**Authority**

**United States Supreme Court:** *Counterman v. Colorado, 143 S. Ct. 2106 (2023)*; *Elonis v. United States, 575 U.S. 723, 135 S. Ct. 2001, 192 L. Ed. 2d 1 (2015)*; *Watts v. United States, 394 U.S. 705, 89 S. Ct. 1399, 22 L. Ed. 2d 664 (1969)*.

**Sixth Circuit:** *United States v. Howard, 947 F.3d 936 (6th Cir. 2020)*; *United States v. Doggert, 906 F.3d 506, 510–12 (6th Cir. 2018)*.

**Eighth Circuit:** *United States v. Dierks, 978 F.3d 585 (8th Cir. 2020)*.

**Ninth Circuit:** *United States v. Bagdasarian, 652 F.3d 1113 (9th Cir. 2011)*.

**Tenth Circuit:** *United States v. Heineman, 767 F.3d 970 (10th Cir. 2014)*.

**Eleventh Circuit:** Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 30.3.

**Comment**

*See* Comment to Instruction 31-4, *above*.

**Instruction 31-9 Second Element—Transmission in Interstate Commerce**

**The second element the government must prove beyond a reasonable doubt is that the threat was transmitted in interstate (*or* foreign) commerce.**

**To establish this element, the government must prove that the communication passed between two or more states as, for example, a telephone call between New York and New Jersey; or between the United States and a foreign country. (*If applicable:* If the government establishes beyond a reasonable doubt that the communication passed between two or more states, it is sufficient to establish this element even if the defendant and the victim were in the same state at the time.) The government is not required to prove that the defendant knew that the threat would be transmitted across state lines.**

**(*In the Third Circuit, add if appropriate:* Transmission of a threat by means of the Internet constitutes transmission in interstate commerce. However, you must find beyond a reasonable doubt that the specific communication in question was actually transmitted by means of the Internet.)**

**Authority**

**Third Circuit:** *United States v. Elonis, 730 F.3d 321 (3d Cir. 2013)*, *rev'd on other grounds*, 575 U.S. 723, 135 S. Ct. 2001, 192 L. Ed. 2d 1 (2015).

**Ninth Circuit:** *United States v. Bagdasarian, 652 F.3d 1113 (9th Cir. 2011)*.

**Tenth Circuit:** *United States v. Heineman, 767 F.3d 970 (10th Cir. 2014)*.

**Ninth Circuit:** *United States v. Sutcliffe, 505 F.3d 944 (9th Cir. 2007)*; *United States v. Oxendine, 531 F.2d 957 (9th Cir. 1976)*.

**Tenth Circuit:** *United States v. Kammersell, 196 F.3d 1137, 1140 (10th Cir. 1999)*.

**Eleventh Circuit:** Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 30.3.

**Comment**

There is currently some disagreement in the courts concerning this element, so this charge should be treated with caution.

[1] *United States v. Kammersell, 196 F.3d 1137, 1140 (10th Cir. 1999)*.

[2] *United States v. Landham, 251 F.3d 1072 (6th Cir. 2001)* (proof of defendant's travels for several months after leaving state where victim resided was sufficient).

This jurisdictional element requires that the threat be transmitted across a state line. The constitutionality of section 875 has been upheld on the basis that it contains this element.[1] This element may be proven by circumstantial evidence.[2]

[3] *See* Instruction 62-8, *below*.

[4] *United States v. Sutcliffe, 505 F.3d 944, 952–53 (9th Cir. 2007)*; *United States v. Kammersell, 196 F.3d 1137, 1140 (10th Cir. 1999)*.

[5] *United States v. Elonis, 730 F.3d 321 (3d Cir. 2013)*, *rev'd on other grounds*, *575 U.S. 723, 135 S. Ct. 2001, 192 L. Ed. 2d 1 (2015)*.

[6] *Elonis, 730 F.3d at 335*.

The disagreement concerns the question whether the posting of a threat on the Internet satisfies this element when the defendant and the recipient are in the same state. In other contexts, most importantly with respect to the interstate transportation of child pornography, the courts have generally held that transmission of visual images by the Internet constitutes transportation in interstate commerce without proof that the image ever crossed a state line.[3] In section 875(c) cases, however, the first few courts to consider the question held that the government must prove, at the least, that the communication was uploaded to a server outside the state where it was originally posted.[4] On the other hand, in *United States v. Elonis*,[5] the Third Circuit disagreed with that conclusion, citing only a child pornography case to hold that Internet transmission is sufficient by itself to prove transmission in interstate commerce, and approving a jury charge stating that "[b]ecause of the interstate nature of the Internet, if you find beyond a reasonable doubt that the defendant used the Internet in communicating a threat, then that communication traveled in interstate commerce."[6] Accordingly, alternate language has been added to Instruction 31-9 incorporating this standard, although caution should be exercised in using it outside the Third Circuit.

[7] *United States v. Alkhabaz, 104 F.3d 1492, 1496 (6th Cir. 1997)*.

Finally, there is also authority in an extortion case under section 875(b) that interstate communications between co-conspirators does not satisfy this element.[7]

**Instruction 31-10 Third Element—Intent to Transmit**

**The third element the government must establish beyond a reasonable doubt is that the defendant transmitted the threat knowingly and intentionally.**

**To establish this element, the government must prove that the defendant knowingly and intentionally sent the threat to [the victim] and that this did not occur by accident, mistake, or negligence. To establish this element, the government must prove that the defendant intended the communication to be received by [the victim] as a threat. The government is not required to prove that the defendant intended to carry out the threat.**

**Authority**

**United States Supreme Court:** *Elonis v. United States, 575 U.S. 723, 135 S. Ct. 2001, 192 L. Ed. 2d 1 (2015)*.

**Fourth Circuit:** *United States v. White, 810 F.3d 212 (4th Cir. 2016)*.

**Sixth Circuit:** *United States v. Howard, 947 F.3d 936 (6th Cir. 2020)*.

**Ninth Circuit:** *United States v. King, 122 F.3d 808 (9th Cir. 1997)*; *United States v. Twine, 853 F.2d 676 (9th Cir. 1988)*.

**Eleventh Circuit:** Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 30.3.

**Comment**

[1] *575 U.S. 723, 135 S. Ct. 2001, 192 L. Ed. 2d 1 (2015)*.

Unlike the other statutes proscribing threatening communications, which all require some specific scienter element such as knowledge, willfulness or intent to extort, section 875(c) contains none. There was a division of authority on this issue until the Supreme Court held in *Elonis v. United States*[1] that a conviction could not be based solely on how a communication would be understood by a reasonable person. See Comment to Instruction 31-4, *above*.

[2] *See United States v. Howard, 947 F.3d 936 (6th Cir. 2020)*; *United States v. Morales, 272 F.3d 284, 288 (5th Cir. 2001)*; *United States v. Lincoln, 589 F.2d 379, 381 (8th Cir. 1979)*; *United States v. Chatman, 584 F.2d 1358, 1361 (4th Cir. 1978)*.

[3] *United States v. Lincoln, 589 F.2d 379, 381 (8th Cir. 1979)*.

[4] *United States v. Morales, 272 F.3d 284, 288 (5th Cir. 2001)* (threat to kill students at defendant's high school made to stranger in Internet chat room).

[5] *United States v. Jongewaard, 567 F.3d 336, 339–41 (8th Cir. 2009)*.

The courts are agreed that the government need not prove that the defendant intended to carry out the threat,[2] or that he had the capability to carry it out.[3] There is also no requirement that the threat be communicated directly to the target of the threat; threats to injure a third party, even a stranger to the recipient, are sufficient.[4] Finally, there is no requirement that the government prove that the threat was made

to achieve a particular purpose.[5]

Modern Federal Jury Instructions-Criminal
Copyright 2026, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

---

**End of Document**