**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**V.** **CASE NO.: 6:26-CR-179-AGM-CAB**

**DAQUAN LAMONT SMITH**

# MOTION TO SUPPRESS DEFENDANT'S STATEMENTS

Defendant, Daquan Lamont Smith, by and through his undersigned attorney, moves this Honorable Court, pursuant to the Fifth Amendment to the United States Constitution and Fed. R. Crim. P. 12(b)(3)(C), to suppress all of his statements made during the custodial interrogation on January 27, 2026.

## FACTUAL BACKGROUND

1. Daquan Smith was Indicted on July 15, 2026 with one Count of Interstate Transmission of Threat in violation of 18 U.S.C. § 875(c). Doc 1.

2. The indictment alleges that on or about December 6, 2025, in the Middle District of Florida, and elsewhere, the defendant, Daquan Lamont Smith, did knowingly transmit in interstate commerce a communication containing a true threat to injure the person of another, that is, unknown victims of a cruise ship, including a recorded call to the cruise line stating: "I'm coming from, I'm coming I'm on the cruise boat coming from Bahamas that left two days ago, and I'm letting you guys know now I have a bomb on the boat and I want to blow it up," with intent to communicate a

true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence. *Id*.

3. On January 27, 2026, Agents with the Federal Bureau of Investigations (hereinafter "FBI") traveled to what they believed to be Mr. Smith's residence and discovered he and his family had moved. Agents called Mr. Smith on the phone, repeatedly, telling him to meet them. Mr. Smith met the FBI Agents at Dunkin Donuts on Madison Street in Chicago, Illinois. Mr. Smith was joined by his mother, Kenyatta Jones.

4. FBI Special Agents Zachary Overby and Chris Bumgarner did not advise Mr. Smith of his Constitutional rights under *Miranda* but, immediately launched into questions they intended to elicit incriminating information. *Miranda v. Arizona,* 384 U.S. 436 (1966). Mr. Smith felt compelled to meet with the FBI Agents and answer their questions. Mr. Smith did not feel free to leave nor did he understand that he had the right to remain silent. Mr. Smith is a young man with no prior experience with law enforcement who made inculpatory statements in violation of his Constitutional rights without a knowing and voluntary waiver. Based on the totality of the facts and circumstances, Mr. Smith's questioning by Special Agents of the FBI constituted a custodial interrogation for which he was entitled to be advised of his *Miranda* rights prior to any questioning by law enforcement. Therefore, the government should be precluded from introducing Mr. Smith's statements in the trial of this case.

5. SA Overby and Bumgarner's prepared a report regarding their interaction with Mr. Smith that was provided by the government in its August 20, 2026 discovery production. According to the government, the interaction between the FBI Agents and Mr. Smith was not recorded.

6. Mr. Smith was arrested on July 22, 2026 in Chicago, Illinois and had his initial appearance on the same day. Mr. Smith was released on conditions including that he appear in the District Court for the Middle District of Florida on August 7, 2026 at 10:00a.m. for arraignment. Mr. Smith was determined to be indigent and the Office of the Federal Public Defender was appointed to represent him.

7. If convicted as charged by the Indictment, as to Count I, Interstate Transmission of Threat in violation of 18 U.S.C. § 875(c), Mr. Smith faces a term of imprisonment of not more than five years.

## ARGUMENT

### I. MR. SMITH'S STATEMENTS MADE DURING CUSTODIAL INTERROGATION WERE INVOUNTARY AND MADE WITHOUT MIRANDA WARNINGS IN VIOLATION OF HIS FIFTH AMENDMENT RIGHTS.

#### A. DUE PROCESS VOLUNTARINESS

The use of a criminal defendant's involuntary statements against him at trial violates the Due Process Clause. *Mincey v. Arizona*, 437 U.S. 385, 398 (1978); *see also, Jackson v. Denno*, 378 U.S. 368, 376 (1964)(finding a defendant's involuntary statement is a denial of due process of law, "even though there is ample evidence aside from the

confession to support the conviction."). The test for involuntariness is whether, under the totality of the circumstances, the "defendant's will was overborne." *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). In determining whether a defendant's will was overborne in a particular case, the Supreme Court has assessed the totality of all the surrounding circumstances including both the characteristics of the defendant and the details of the interrogation. *Id.* Some of the factors commonly considered by the Supreme Court include the defendant's age, education, intelligence, the duration and nature of the detention and questioning, and the lack of any advice to the accused of his constitutional rights. *Id.*

## MEMORANDUM OF LAW

The Self-Incrimination Clause of the Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. When a person is questioned by the government, if a truthful answer might incriminate him in a future criminal proceeding, the Clause provides him with the privilege or the right to refuse to answer. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)(holding "[t]he [Fifth] Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future proceedings.") Generally, if the person does not assert the privilege at that time,

his answer is considered voluntary under the Fifth Amendment. *Minnesota v. Murphy*, 465 U.S. 420, 429 (1984).

However, even when a person does not assert the privilege, the Supreme Court has found the defendant's statements to be involuntary. For certain well-defined situations, which are likely to entail coercion, the Supreme Court has "created prophylactic rules designed to safeguard the core constitutional right protected by the Self-Incrimination Clause." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003)(plurality opinion). Instead of inquiring whether statements were actually compelled, a prophylactic rule asks whether certain other conditions were met and provides that statements made under those conditions are deemed per se compelled. *Oregon v. Elstad*, 470 U.S. 298, 307 (1985)(describing *Miranda* rule as creating a "presumption of compulsion" that is "irrebuttable for purposes of the prosecution's case in chief.") Therefore, a prophylactic rule "sweeps more broadly than the Fifth Amendment itself" and may exclude even "patently voluntary statements." *Id*. at 306-07.

The Supreme Court in *Miranda v. Arizona,* 384 U.S. 436 (1966), stated that custody contains "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Id.* at 467. To offset this coercion, *Miranda* requires that certain warnings be given before a suspect in custody is interrogated. *Id.* at 478-79. Absent these warnings, *Miranda* held, a suspect's statements made during custodial interrogation,

may not be used against him in the prosecution's case-in-chief. *Elstad*, 470 U.S. at 307; *Miranda*, 384 U.S. at 478-79.

The prophylactic rule of *Miranda* focuses on three simple questions: First, was the suspect in custody? Second, was he being interrogated? If both conditions are met, then third, were adequate warnings given? Thus, a suspect's statements stemming from a custodial interrogation may not be used, unless the government "demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Id.* at 444. Mr. Smith underwent a custodial interrogation on January 27, 2026, completely under the control of FBI Special Agents who questioned Mr. Smith without administering *Miranda* warnings at any point.

## EVIDENCE TO BE SUPPRESSED

Mr. Smith requests that this Court suppress his statements to any law enforcement officers made during the execution of the search warrant in the instant case on January 27, 2026.

## REQUEST FOR EVIDENTIARY HEARING

Mr. Smith submits that more than sufficient facts have been alleged to provide for a basis for the relief sought in this Motion. However, there is such limited information in discovery regarding the FBI Special Agents interaction with Mr. Smith on January 27, 2026 that lead to his inculpatory statements that an evidentiary hearing is indicated. *United States v. Sneed*, 732 F.2d 886 (11th Cir. 1984).

## CONCLUSION

Wherefore, Mr. Smith respectfully requests this Honorable Court grant him an evidentiary hearing on his motion to suppress his statements, as they were obtained in direct violation of Mr. Smith's rights under the Fifth Amendment.


Charles L. Pritchard, Jr.
Federal Public Defender, MDFL

*/s/ Erin Hyde*

Erin Hyde
Assistant Federal Defender
Florida Bar No. 0026248
201 S. Orange Avenue, Suite 300
Orlando, Florida 32801
Tel: 407-648-6338
Fax: 407-648-6095
E-Mail: erin_hyde@fd.org


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion to Dismiss Defendant's Statements* was submitted to the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to Kaley Austin-Aronson, Assistant United States Attorney, this 28th day of August 2026.

*/s/ Erin Hyde*

Assistant Federal Defender