**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO.: 6:26-CR-179-AGM-CAB**

**DAQUAN LAMONT SMITH**

# UNOPPOSED MOTION TO CONTINUE TRIAL TERM AND THE PRETRIAL MOTIONS' DEADLINE

Defendant Daquan Lamont Smith, through his undersigned attorney, respectfully moves this Court to continue his trial term for 60 days and the pretrial motions' deadline accordingly. In support, Mr. Smith states the following:

***Procedural History***

1. The trial in this case is currently set before this Court during the trial term commencing October 5, 2026. Doc. 15.

2. Mr. Smith made his initial appearance on July 22, 2026 in Chicago, Illinois and appeared for arraignment in the District Court for the Middle District of Florida on August 7, 2026. Docs 8 and 11.

3. Mr. Smith was charged with one Count of Interstate Transmission of Threat in violation of 18 U.S.C. § 875(c). Doc 1.

4. On August 28, 2026 the undersigned counsel filed a motion to dismiss indictment with prejudice and a motion to suppress defendant's statements. Docs 23 and 24.

*Grounds for the Continuance*

5. The defense is requesting a continuance of 60 days to prepare for trial, address the pretrial motions before this Court, consult with potential experts, and research relevant legal issues.

6. Mr. Smith has been consulted about the need for a continuance and is fully advised about the consequences of waiving his right to a speedy trial. A waiver of speedy trial through end of December 2026 will be filed.

7. Pursuant to Local Rule 3.01(g) and this Court's Criminal Scheduling, Doc. 15, undersigned counsel consulted with Assistant United States Attorney Kaley Austin-Aronson and the government does not object to a 60-day continuance of trial.

8. Mr. Smith is currently released on pretrial conditions.

9. This motion is filed in good faith and not for unnecessary delay.

**MEMORANDUM OF LAW**

In determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), the Court must consider whether the failure to allow a continuance would deny the attorney for the defendant a reasonable time for effective preparation in exercising due diligence. "The Act requires that when a district court grants an ends-of-justice continuance, it must 'se[t] forth, in the record of the case, either orally or in writing, its reasons' for finding that the ends of justice are served, and they outweigh other interests." *Zedner v. United States*, 547 U.S. 489, 506 (2006). Mr. Smith asserts that the ends of justice will be best served by granting a continuance to allow counsel

additional time to advise Mr. Smith his possible defense and provide effective assistance.

WHEREFORE, Defendant Daquan Lamont Smith respectfully requests that this Court continue his trial term for 60 days and the pretrial motions' deadline accordingly.

Charles L. Pritchard, Jr.,
Federal Public Defender, MDFL

*/s/ Erin Hyde*
Erin Hyde
Assistant Federal Defender
Florida Bar No. 0026248
201 S. Orange Avenue, Suite 300
Orlando, Florida 32801
Tel: 407-648-6338
Fax: 407-648-6095
E-Mail: erin_hyde@fd.org

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to Kaley Austin-Aronson, Assistant United States Attorney, this 3rd day of September 2026.

*/s/ Erin Hyde*
Attorney for Defendant